**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

——————————————————X
:
TENZIN PASSANG, on behalf of herself and all : 
others similarly situated, :
:
:
Plaintiff, : Civil Action No.
:
vs. : **CLASS ACTION COMPLAINT AND**
: **JURY TRIAL DEMAND**
TSG COLLECTIONS LIMITED LIABILITY :
COMPANY aka TSG COLLECTIONS, LLC, :
:
Defendant. :
:
——————————————————X

Plaintiff TENZEN PASSANG (hereinafter "Plaintiff"), on behalf of herself and all others similarly situated, by and through her undersigned attorney, alleges against the above-named Defendant TSG COLLECTIONS LIMITED LIABILITY COMPANY aka TSG COLLECTIONS, LLC (hereinafter "Defendant"), and its respective employees, agents, and successors, the following:

## PRELIMINARY STATEMENT

1.  Plaintiff brings this action for actual and statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. §

1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5. Plaintiff demands a jury trial on all issues.

## PARTIES

6. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Plaintiff is a natural person and resident of Bergen County, in the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8. Defendant TSG COLLECTIONS LIMITED LIABILITY COMPANY aka

TSG COLLECTIONS, LLC ("TSG") is a New Jersey limited liability company, with its principal place of business located at 20 Van Brunt Street, Suite 10, Englewood, New Jersey that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. TSG operates a nationwide defaulted debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of New Jersey. In fact, Defendant TSG was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

9. Based upon information and belief, Defendant uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received communications from the Defendant which are in violation of the FDCPA, as described in this Complaint.

**11.** This Action is properly maintained as a class action. The Class consists of:

- All New Jersey consumers who were sent collection letters and/or notices from any Defendant in a form substantially similar to attached Exhibit A and which included the alleged conduct and practices described

3

herein.

- The Class period begins from March 1, 2019 to the filing of this Action.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters, telephone calls and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard communications that were made to hundreds of persons, including voicemail messages and collection letters such as attached Exhibit A.
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:
    a. Whether Defendant violated various provisions of the FDCPA.
    b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;
    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and

        appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;
- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;
- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;
- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;
- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as

monetary damages. If the Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

12. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

13. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and/or the Internet.

14. Each Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

15. At some time prior to March 1, 2019, Plaintiff allegedly incurred a financial obligation ("the Debt") to Mr. Handyman of South Bergen County ("Mr. Handyman").

16. The Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. Mr. Handyman is a "creditor" as defined by 15 U.S.C. § 1692a(4).

19. At some point prior to March 1, 2019, the Debt was assigned by Mr. Handyman to Defendant for purposes of collection.

20. On or about March 1, 2019, Plaintiff received a collection letter from Defendant. See, attached Exhibit A.

21. Based upon information and belief, the March 1, 2019 collection letter was Defendant's initial communication with Plaintiff.

22. The March 1, 2019 letter threatened to take action, if payment was not sent to Defendant.

23. Yet, despite the threat in the March 1, 2019 letter, no action was taken.

24. Within 30 days after receiving the March 1, 2019 letter, Plaintiff disputed the debt by sending a written letter to Defendant seeking debt verification within the meaning of section 1692 of the FDCPA.

25. However, prior to receiving verification of the debt from Defendant, Defendant sent a second letter dated April 8, 2019 to Plaintiff in violation of section 1692g of the FDCPA. A copy of the April 8, 2019 letter is attached as Exhibit A.

26. The April 8, 2019 letter threatened credit reporting by Defendant. However, Defendant did not intend and in fact did not report the Debt to any credit reporting agency.

27. Additionally, both collection letters indicated that the current balance was $2,188.81.

28. However, the balance $2,188.81 was in excess of any amount owed to Defendant and impermissibly included interest, fees and/or other charges that Defendant was not entitled to collect.

29. Both collection letters improperly inferred that the services performed were medical services since the letters referred to Plaintiff as "Patient".

30. Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendant.

31. Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

32. Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

33. Defendant violated Plaintiff's right to a trustful and fair debt collection process.

34. Under the FDCPA, Plaintiff had the right to receive certain information from Defendant regarding his or her rights under the FDCPA.

35. Defendan's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

36. Defendant's collection communications provided confusing and incorrect information causing Plaintiff a concrete injury in that Plaintiff was deprived of his or her right to receive accurate and trustworthy information regarding her rights under the FDCPA.

37. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

38. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose

of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

39. As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

40. Plaintiff's receipt of a collection communication which provided incorrect, incomplete and confusing information constitutes a concrete injury.

41. The failure of Defendant to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

42. Defendant's failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter – will she hire an attorney, represent himself, payoff the debt, engage in a payment plan, file for bankruptcy, etc.

43. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

**POLICIES AND PRACTICES COMPLAINED OF**

44. It is Defendant's policy and practice to communicate with consumers, which violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b) failing to verify the debt

      (c)    Using unfair or unconscionable means to collect or attempt to collect any debt.

45. On information and belief, Defendant sent letters substantially similar to Exhibit A to at least 30 natural persons in the State of New Jersey.

46. On information and belief, Defendant sent letters substantially similar to Exhibit B to at least 30 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

1. Plaintiff repeats the allegations contained in paragraphs 1 through 46 as if the same were set forth at length.

2. Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

3. By communicating with Plaintiff as described herein, Defendant violated:

A. 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse Plaintiff.

A. 15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B. 15 U.S.C. § 1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of the alleged debt in the lawsuit, by demanding money that it was not entitled to, and by suing for interest, fees and costs it was not entitled to collect.

C. 15 U.S.C. § 1692e(2)(B) of the FDCPA by falsely representing the entitlement to certain interest, fees, costs and/or other charges.

D. 15 U.S.C. § 1692e(5) of the FDCPA by threatening to take or taking an action that could not legally be taken.

E. 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

F. 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; and,

G. 15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law.

H. 15 U.S.C. §1692g(a) of the FDCPA by failing to properly give the required notice.

I. 15 U.S.C. §1692g(b) of the FDCPA by attempting to collect a debt without first providing debt verification after requested.

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding Plaintiff actual damages.

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:  Rutherford, New Jersey
         March 2, 2020

                                        Respectfully submitted,

                                        By: s/ Lawrence C. Hersh
                                              Lawrence C. Hersh, Esq.
                                              17 Sylvan Street, Suite 102B
                                              Rutherford, NJ  07070
                                              (201) 507-6300
                                              *Attorney for Plaintiff*

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: March 2, 2020                    By: s/ Lawrence C. Hersh
                                                  Lawrence C. Hersh, Esq

EXHIBIT A



**TSG** collections, LLC

March 1, 2019

Tenzin Passang

Re:

Mr. Handyman of South Bergen County
Date of Service:   10/18/2017
Patient:           Tenzin Passang
Total Balance:     $2,188.81

<u>COLLECTION NOTICE</u>

Dear Tenzin Passang:

This office represents Mr. Handyman of South Bergen County, who has forwarded a claim against you for the above amount. A copy of the account statement is annexed.

THE ABOVE DEBT IS UNPAID AND HAS BEEN REFERRED TO COLLECTIONS.

If you wish to resolve this matter before further action is taken, payment should be sent to this office in the enclosed envelope. You may send a check or money order, for the full amount set forth above, payable to TSG Collections, LLC.

Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice, that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such verification or judgment. If you request in writing, within thirty (30) days from receiving this notice, our office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt, by a debt collector, and any information obtained will be used for that purpose.

Very truly yours,

Edward Weiss for
TSG Collections, LLC

20 N Van Brunt Street   |   Suite 10   |   Englewood, NJ 07631
Telephone (212) 404-2734   |   Facsimile (212) 918-9051
info@tsgcollections.net

EXHIBIT B



April 8, 2019

Tenzin Passang

Re:  Mr. Handyman of South Bergen County
     Date of Service:   10/18/2017
     Patient:           Tenzin Passang
     Total Balance:     $2,188.81

## CREDIT ALERT

Dear Tenzin Passang:

This office has not received payment on the above.

YOUR CREDIT IS IMPORTANT!

If we do not receive payment, we may recommend that this debt be reported on your credit report. This debt could have a negative effect on your credit for as long as SEVEN (7) YEARS! Without a good credit score you might not be able to get a credit card, rent an apartment or buy a car or a house.

ACT NOW before your ability to obtain credit is hurt. Send payment in full in the enclosed envelope, payable to TSG Collections, LLC.

This is an attempt to collect a debt, by a debt collector, and any information obtained will be used for that purpose.

Very truly yours,

Edward Weiss for
TSG Collections, LLC

20 N Van Brunt Street | Suite 10 | Englewood, NJ 07631
Telephone (212) 404-2734 | Facsimile (212) 918-9051
info@tsgcollections.net